UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:11-408-KKC

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,                                    PLAINTIFF

v.                          **OPINION AND ORDER**

FLOYD VAN COOK and
EDNA B. COOK,                                                 DEFENDANTS

*** *** *** ***

This matter is before the Court on the Motion to Dismiss (DE 6) filed by the Defendants, Floyd Van Cook and Edna B. Cook.

The sole issue on this motion is whether the Complaint filed by the Plaintiff, Travelers Casualty and Surety Company of America, should be dismissed because, while Travelers alleges in the Complaint that it executed certain bonds relevant to its claims, it attaches copies of the bonds to the Complaint that are not executed. For the following reasons, the Complaint should not be dismissed and, thus, the motion will be denied.

I.      Facts.

In its Complaint, Travelers asserts that it is a surety company. (DE 1, Complaint ¶ 1.) It asserts that, on or about November 2, 2005, it and the Defendants, the Cooks, executed a General Contract of Indemnity ("Indemnity Agreement"). Travelers attaches a copy of the Indemnity Agreement. (DE 1, Complaint ¶ 5.)

Travelers asserts that, after the parties executed the Indemnity Agreement, and in reliance on that agreement, it "executed various Bonds ("Bonds") for Van Cook

Construction, as principal. . . ." Travelers asserts that, on one of these bonds, the obligee was Inez Apartment, Inc. and the bond amount was $1,810,000. Travelers alleges that, on a second bond, the obligee was Blue Grass Community Action Partnership and the bond amount was $369,000. Travelers states that "[c]opies of the foregoing Bonds are attached hereto collectively as Exhibit 'B,' and are incorporated herein by reference as though fully set forth herein." (DE 1, Complaint ¶ 7.)

Travelers asserts that the obligees on these two bonds have demanded payment from Travelers, that it has paid the obligees and, as a result, has incurred a loss of $ 526,514.79. (DE 1, Complaint ¶¶ 8, 13.) It asserts that it has demanded that the Cooks reimburse it for its loss as required under the Indemnity Agreement but that the Cooks have refused to perform their obligations. (DE 1, Complaint ¶¶ 9, 12.)

Travelers asserts five claims against the Cooks, the first four of which are at issue on this motion.

In Count I of the Complaint, Travelers asserts that the Cooks have breached the Indemnity Agreement. Counts II and III of the Complaint assert claims for the equitable remedies of exoneration and *quia timet*. In Count IV of the Complaint, Travelers alleges again that the Cooks have breached the Indemnity Agreement and asks the Court to order the Cooks to specifically perform their obligations under the agreement. With Count V, Travelers seeks an accounting.

   II.   Analysis.

The Cooks argue that the four claims must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because the copies of the bonds that Travelers attaches to the Complaint are not signed.

2

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 and to "state a claim to relief that is plausible on its face." *Iqbal,* 550 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.

The only deficiency that the Cooks argue exists in the Complaint is that Travelers did not attach executed copies of the bonds at issue. Travelers does, however, explicitly allege that it, "as surety, *executed* various Bonds ("Bonds") for Van Cook Construction, as principal." (DE 1, Complaint ¶ 7.) It then describes two of those bonds, providing for each the name of the obligee and the bond amount. Travelers does not purport to attach the executed versions of the bonds to the Complaint. Instead it states that "copies" of the Bonds are attached. (DE 1, Complaint ¶ 7.)

3

If the Cooks believe that the bonds were not actually executed and that the fact that the bonds were not executed is grounds for dismissing Counts I, II, III, and IV of the Complaint, then it may assert that argument in a later motion as permitted under the local and federal rules. The fact that unexecuted copies of the bonds were attached to the Complaint does not, however, warrant the dismissal of any of these claims under Rule 12(b)(6).

For all these reasons, it is hereby ORDERED that the Cooks' Motion to Dismiss (DE 6) is DENIED.

Dated this 23rd day of August, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge